UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYMBERLY D. EVANS,<br><br>            Plaintiff,<br><br>     v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the<br>Social Security Administration,<br><br>            Defendant. | Case No. ED CV 04-1546-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I.

## INTRODUCTION

After Plaintiff was denied her application for Supplemental Security Income ("SSI"), she filed suit in this Court seeking review of the decision of Defendant Social Security Administration (hereinafter "the Agency"). She claims that the Administrative Law Judge ("ALJ") erred when he failed to include all of her limitations in the hypothetical question to the vocational expert. For the reasons set forth below, the Agency's decision is affirmed.

In reaching his decision that Plaintiff was not disabled, the ALJ determined that, absent polysubstance abuse, Plaintiff had mild limitations in activities of daily living and social functioning

and mild to moderate impairments in concentration, persistence, and pace. (Administrative Record ("AR") at 13.) In his hypothetical question to the vocational expert, the ALJ asked her to assume that Plaintiff was limited to routine, repetitive tasks, entry level work, and working with things rather than people. (AR 380.) The vocational expert opined that, given these limitations, Plaintiff could work. (AR 380.) Based on this testimony, the ALJ determined that Plaintiff was not disabled and, therefore, not entitled to benefits. (AR 17.)

Plaintiff claims that this conclusion was erroneous. She first argues that the ALJ's hypothetical to the vocational expert did not include the fact that she was limited in concentration, persistence, and pace. (Joint Stipulation at 3.) The Agency counters that the ALJ included these limitations in the hypothetical question when he told the vocational expert to assume that Plaintiff was limited to routine, repetitive, entry-level tasks. (Joint Stipulation at 5.)

An ALJ's hypothetical question to a vocational expert must contain all of a claimant's limitations or it is of no value. *See Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). Here, the ALJ described Plaintiff's limitations as "mild to moderate impairments in concentration, persistence, and pace" in his decision (AR 13), but described them in the hypothetical to the vocational expert as a limitation to routine, repetitive tasks and entry-level work. (AR 380.) Though the Court has not found any Ninth Circuit authority addressing this situation (and the parties have not cited any), the Court has uncovered an Eighth Circuit case that closely addresses the issue. *See Brachtel v. Apfel*, 132 F.3d 417 (8th Cir. 1997). In *Brachtel*, the ALJ determined (on a multiple choice form) that the claimant often suffered from deficiencies in concentration,

persistence, or pace, resulting in a failure to complete tasks on time. *Id.* at 420. The hypothetical the ALJ posed to the vocational expert limited the claimant to "only simple routine repetitive work which does not require close attention to detail." *Id.* at 421. The ALJ further limited the claimant to working at no more than regular pace. *Id.* The claimant argued on appeal that the ALJ failed to include all of his limitations in the hypothetical because he did not include a limitation on concentration, persistence, and pace. The Eighth Circuit rejected this argument, reasoning that the ALJ had covered the claimant's limitations when he told the vocational expert to assume that the claimant could only do simple work which did not require close attention to detail (a limitation on concentration) and should not work at more than regular pace. *Id.*

The Court concludes that the ALJ made similar translations here. In his hypothetical question, he limited Plaintiff to routine, repetitive tasks constituting entry level work. (AR 380.) This limitation encompassed his finding that Plaintiff had mild to moderate limitations in concentration, persistence, and pace. *See Brachtel,* 132 F.3d at 421. The Court also concludes that the ALJ's limitation to "working with things rather than people" (AR 380) encompassed his finding that Plaintiff had mild limitations in social functioning.[1] (AR 13.)

Next, Plaintiff complains that the ALJ overlooked in the hypothetical the fact that he had found that Plaintiff would be subject to two episodes of deterioration or decompensation in a work

---

[1] Plaintiff does not emphasize this discrepancy in his portion of the Joint Stipulation, but the Court has considered the issue anyway.

setting. (Joint Stipulation at 3, 4-5.) The Court disagrees. The ALJ found that Plaintiff "*has had* one or two episodes of deterioration." (AR 13 (emphasis added).) Nowhere does the ALJ find that Plaintiff *will have* one or two episodes of deterioration or decompensation. Thus, Plaintiff's argument here is not based on fact. Further, a fair reading of this record establishes that Plaintiff's episodes of decompensation were directly attributable to alcohol and drug abuse. Clearly, Plaintiff cannot be found to be disabled as a result of alcohol and drug abuse.[2] *See Para v. Astrue*, ___ F.3d ___, 2007 WL 865543, *5-6 (9th Cir. March 23, 2007)(holding disability caused by drug and alcohol abuse bars benefits and claimant bears burden of establishing that his substance abuse is not material factor in his disability).

    In the end, it is apparent to the Court that Plaintiff's myriad problems stem, almost exclusively, from her abuse of drugs and alcohol, which she continued to abuse right up to the time of the administrative hearing in this case. (AR 361-62 (Plaintiff testified that she quit drinking two weeks before the hearing), 369 (Plaintiff told the ALJ that she used crystal methamphetamine six months before the hearing).) The ALJ was tasked with trying to segregate Plaintiff's ailments that were the direct result of her drug and alcohol abuse from those that were not directly caused by it. After doing so, he concluded that Plaintiff was able to perform menial, entry-level tasks. This conclusion is supported by substantial

---

[2] The Court notes that a reviewing physician checked the box denoting that Plaintiff would have one or two episodes of decompensation. (AR 249.) That same doctor, however, concluded that Plaintiff's impairments were not severe (AR 239), as did others.

evidence in this record and is free of legal error.  For that reason, it is affirmed.  *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001).

IT IS SO ORDERED.

DATED:     April  11  , 2007.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\EVANS, K 1546\Memo Opinion_Ord.wpd